UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAMUEL TERRELL,

    Plaintiff,

vs.                                              CASE NO.:

ARROW INC., d/b/a ARROW
WASTE, a Georgia for Profit
Corporation, and CHARLES
D. THOMSON, JR.,
Individually,

    Defendant.

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, SAMUEL TERREL files by and through his undersigned counsel, and hereby sues the Defendant, ARROW, INC., a Georgia for Profit Corporation, and CHARLES D. THOMSON, JR., Individually, (hereinafter referred to as the "Defendants"), and alleges as follows:

## INTRODUCTION

This is an action by the Plaintiff against his former employer for unpaid overtime wages pursuant to the Fair Labor Standards

Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

1. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.*

3. The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

4. The venue of this Court over this controversy is proper based upon the claim arising in DeKalb County, Georgia.

## PARTIES

5. Plaintiff was a Truck Driver and performed related activities for Defendant in DeKalb County, Georgia.

6. Plaintiff, Samuel Terrell, worked for Defendants as a Truck Driver from approximately May 1, 2005 through September 11, 2015.

7. Defendant, ARROW INC., provides dumpster rental service and related services to their customers.

8. Defendant, ARROW INC., is a Georgia for Profit Corporation which operates and conducts business in DeKalb County. Georgia and is therefore, within jurisdiction of this Court.

9. Defendant, CHARLES D. THOMSON, JR., is an individual resident of the state of Georgia who, upon information and belief, resides in Conley, Clayton County, Georgia.

## FACTUAL ALLEGATIONS

10. Plaintiff worked as "Truck Driver" for Defendants and performed related activities (i.e. drove trucks, dumped waste at landfills, and delivered dumpsters).

11. Plaintiff only made deliveries locally.

12. Plaintiff did not make any deliveries outside of Georgia.

13. Plaintiff was paid an hourly rate of approximately thirteen

and 00/100 dollars ($13.00) per hour in exchange for work performed.

14. Plaintiff worked in this capacity from May 1, 2005 through September 11, 2015.

15. Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

16. Plaintiff worked an average of fifty-seven (57) hours per week.

17. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of no less than time and one half his regular rate of pay for all hours worked over forty in a workweek.

18. Truck Drivers were eligible for overtime provided they worked more than forty (40) hours per week.

19. At all material times during the last three years, Defendant, ARROW WASTE, was an enterprise subject to the FLSA's provision on overtime wages.

20. At all times relevant to this action, Defendant, CHARLES D.

THOMSON, JR. regularly exercised the authority to hire and fire employees of ARROW WASTE.

## COVERAGE

21. The Defendant, ARROW WASTE, is a corporation formed and existing under the laws of the State of Georgia and at all times, during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

22. The Defendant, CHARLES D. THOMSON, JR. regularly exercised authority on behalf of ARROW WASTE, a corporation formed and existing under the laws of the State of Georgia and at all times, during Plaintiff's employment, was an employer defined by 29 U.S.C. §203, et seq.

23. Plaintiff was an employee of Defendants and was at all times relevant to the violations of the FLSA (2013-2016), engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

24. At all material times relevant to this action (2013-2016), the Defendants was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

25. At all material times relevant to this action (2013-2016), the Defendants made gross earnings of at least five hundred thousand and 0/100 dollars ($500,000.00) annually.

26. At all material times relevant to this action (2013-2016), the Defendants had two (2) or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce. (i.e. worked with dump trucks, waste rentals, etc.).

27. At all material times relevant to this action (2013-2016), Defendants had two (2) or more employees routinely ordering materials or supplies from out of state vendors, and sold to out of state customers. (i.e. waste rentals, professional tools for diesel trucks, etc.).

28. At all material times relevant to this action (2013-2016), the Defendants also used heavy machinery, professional tools, and other related materials for residential and commercial use.

29. Upon information and belief, the records, to the extent any

exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION VERSUS ARROW WASTE

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above as though fully stated herein.

31. Plaintiff, SAMUEL TERRELL, worked for Defendant from May 1, 2005 through September 11, 2015 as a Truck Driver for Defendant's businesses located in Georgia.

32. Defendant, ARROW, INC., is a corporation formed and existing under the laws of the State of Georgia and at all times during Plaintiff's employment was an employer as defined by 29 U.S.C. §203.

33. Throughout Plaintiff's employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for

workweeks longer than forty (40) hours while it knew that overtime compensation was required by the law.

34. Specifically, Defendants failed to keep accurate time records as required by the FLSA for Plaintiff.

35. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, SAMUEL TERRELL, demands judgment against Defendant, ARROW WASTE for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II - RECOVERY OF OVERTIME COMPENSATION VERSUS CHARLES D. THOMSON, JR., INDIVIDUALLY.

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

37. Defendant, CHARLES D. THOMSON, JR., is the President, acting manager and sole corporate officer of Defendant, ARROW WASTE.

38. Defendant, CHARLES D. THOMSON, JR., is a manger who acted with direct control over the work, pay, and job duties of Plaintiff.

39. Defendant, CHARLES D. THOMSON. JR.: (1) had the power to hire and fire Plaintiffs, (2) supervised and controlled Plaintiffs' work schedules or conditions of employment, (3) determined Plaintiff's rate and method of payment, (4) maintained employment records, and determined ARROW WASTE'S overtime policies.

40. As such, Defendant, CHARLES D. THOMSON, JR., is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff, SAMUEL TERRELL, demands judgment against Defendant, CHARLES D. THOMSON, JR., for the payment of all overtime hours at one and one-half the regular

rate of pay for the hours worked for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate. In addition, Plaintiff seeks all damages sought above by virtue of joint and several liabilities versus Defendants ARROW WASTE and CHARLES D. THOMSON, JR.

Dated this 18th day of October, 2016.

      Respectfully submitted,

**/s/ ADIAN R. MILLER**
Adian R. Miller, Esquire
Georgia Bar No.: 794647
MORGAN & MORGAN, P.A.
191 Peachtree Street NE,
P.O. Box 57007
Atlanta, GA 30343
Telephone: (404) 496-7332
Facsimile: (404) 496-7428
Email:
armiller@forthepeople.com
*Attorneys for Plaintiff*